Eliza A. Williams et al.

*v.*

Sarah E. Gilbert et al.

A mortgage to secure future advances not exceeding $2,000, was recorded February 25th, 1874, and another for advances not exceeding $1,000, on February 3d, 1875. Under executions issued on seven judgments against the mortgagor, the earliest in December, 1874, and the latest in September, 1876 the mortgaged premises were sold in September, 1876, at sheriff's sale. On foreclosure of the mortgages for advances of $2,000 claimed to have been made, under the first mortgage, on February 2d, 1875, without actual notice of the judgment of December, 1874, and also for advances of $786, in June, 1876, under the second mortgage—*Held*, that complainants could recover the amount of their advances under the first mortgage, but not under the second, as its lien was destroyed by the sheriff's sale; and that the priority of the first mortgage could not be affected by a sheriff's sale in 1882, under a judgment recovered against the mortgagor in 1872, because the lien of the judgment of 1872 had been lost by the sheriff's sale under the junior judgments in 1876.

Bill to foreclose. On final hearing on pleadings and proofs.

*Messrs. Williams & Cowles,* for complainants.

*Mr. W. A. Lewis,* for Colgate.

THE CHANCELLOR.

This suit is brought to foreclose two mortgages on the same land in Jersey City, given by William S. Gilbert and wife to the complainants, Eliza A. Williams and Thomas H. Williams, one dated February 21st, 1874, and recorded on the 25th of the same month, the other dated February 2d, 1875, and recorded the next day. Both mortgages were made to secure advances of money to be made by the mortgagees to the mortgagor on his promissory notes. The first-mentioned mortgage was to be security for such notes, not exceeding in the whole $2,000, as might be taken in one year from its date, and the other for further loans (for which the mortgagor was to give his notes to the mortgagees), not exceeding in the whole $1,000. Under the first-mentioned mortgage the complainants claim $2,000 and interest from February 2d, 1875, or thereabouts, on a note given by Gilbert to the complainants on the last-mentioned date, for $2,000, payable three months after date. On the other they claim the principal and interest due on a note for $786.69, given by Gilbert to them June 26th, 1876. The mortgaged premises were sold under executions at law September 21st, 1876, to James B. Colgate, one of the defendants, by the sheriff of Hudson county. Those executions were issued on seven judgments recovered against Gilbert, the earliest December 4th, 1874, and the latest September 13th, 1876, and levies were made under them on the mortgaged premises. There was another judgment recovered in Hudson Circuit Court, by Altanah S. Westcott against Gilbert, August 16th, 1872, for $1,025.09 damages and costs, under which no levy was made on the mortgaged premises until March 28th, 1882, which was after the sale under the junior judgments. The property was sold under execution on that judgment by the sheriff of Hudson county to Colgate, July 6th, 1882. Colgate, who has answered, insists that the complainants' mortgages are wholly invalid, because the

notes were given and advauces made after the Westcott judg-
ment was recovered, and the last advance (that made in 1876)
was made after all of the junior judgments, except one, were
recovered, and the first advance (made February 2d, 1875) after
the first of the junior judgments was recovered.

The lien of the second mortgage was destroyed by the sale
under the junior judgments; for one of those judgments was
prior to that mortgage. But it was not prior to the first mort-
gage. Although the advance made under the first mortgage was
made after the recovery of that judgment, the complainants are
nevertheless entitled to priority therefor under that mortgage
over that judgment, for when the advance was made they had no
actual notice of the recovery of that judgment.

Colgate insists that inasmuch as by virtue of his purchase
of the property under the levies on the junior judgments he
obtained a title clear of the Wescott judgment, under which no
levy was made until after the sale under the junior judgments,
he is entitled to a credit of the amount of that judgment on the
complainants' first mortgage. I do not see any ground whatever
for this claim. Neither of the cases, *Clement* v. *Kaighn, 2 Mc-
Cart. 47,* and *Hoag* v. *Sayre, 6 Stew. Eq. 552,* which were cited
on the argument, supports it. Colgate, by the sale under the
junior judgments, obtained by force of the statute a title to the
property clear of the lien of the Westcott judgment. *Rev. p.
1044.* But the complainants' first mortgage was prior in lien to
those judgments. Having obtained the property by his pur-
chase under those judgments clear of the Westcott judgment,
Colgate now asks that the amount of that judgment be credited
on the mortgage. The proposition cannot be maintained. The
very point under consideration was considered and decided in
*Clement* v. *Kaighn,* and the recent case of *Hoag* v. *Sayre* in no-
wise overrules or conflicts with that decision.

The sale under the Westcott judgment was a nullity. The
land had been sold under the junior judgments clear of that
judgment before the levy was made under the latter, and when
that levy was made Gilbert had no title to the land.

The complainants are entitled to a decree for the amount due
on their first mortgage.